**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

KEVIN NAVARRO,
     Plaintiff,

v.

AT&T SERVICES, INC.,
     Defendant.

CIVIL ACTION FILE NO.
[_____]

---

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Kevin Navarro ("Plaintiff" or "Mr. Navarro"), by and through undersigned

counsel, files this Complaint against Defendant AT&T Services, Inc. ("Defendant"

or "AT&T"), and alleges as follows:

## I. NATURE OF THE ACTION

1. This is an action for damages brought by Plaintiff against Defendant for

   disability discrimination and retaliation in violation of the Americans with

   Disabilities Act, as amended, 42 U.S.C. § 12101, et seq. ("ADA"), and for

   race and sex (including sexual orientation) discrimination in violation of Title

   VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

   ("Title VII").

2. Plaintiff alleges that Defendant terminated his employment, purportedly as

   part of a reduction in force ("RIF"), because of his disabilities and his request

   for a reasonable accommodation, and because of his race and sex/sexual

1

orientation, in that all employees selected for termination from Plaintiff's team were members of protected classes while similarly situated employees outside those protected classes were retained.

## II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343, as this action arises under the laws of the United States, specifically the ADA, 42 U.S.C. § 12101, et seq., and Title VII, 42 U.S.C. § 2000e, et seq.

4. Venue is proper in this district pursuant to 42 U.S.C. § 2000e-5(f)(3), which is incorporated into the ADA by 42 U.S.C. § 12117(a), and pursuant to 28 U.S.C. § 1391(b), because the unlawful employment practices alleged herein were committed within this district and division, and because Defendant conducts business and maintains a registered agent for service of process within this district.

5. Venue is proper in the Atlanta Division of this Court because the unlawful employment practices giving rise to Plaintiff's claims occurred in DeKalb County, Georgia, which lies within the Atlanta Division. See 28 U.S.C. § 90(a)(2).

### III. PARTIES

6.    Plaintiff Kevin Navarro is a resident of Georgia, and was, at all times relevant hereto, an "employee" of Defendant within the meaning of the ADA, 42 U.S.C. § 12111(4), and Title VII, 42 U.S.C. § 2000e(f).

7.    Plaintiff is a qualified individual with a disability within the meaning of the ADA, 42 U.S.C. § 12102, in that he has been diagnosed with Attention-Deficit/Hyperactivity Disorder ("ADHD") and an anxiety disorder, each of which substantially limits one or more major life activities, and Plaintiff was, at all relevant times, able to perform the essential functions of his position with or without reasonable accommodation.

8.    Plaintiff is a member of one or more races protected under Title VII and identifies as LGBTQ, and was thus a member of a class protected against sex discrimination, including discrimination on the basis of sexual orientation, under Title VII. *See Bostock v. Clayton County*, 590 U.S. 644 (2020).

9.    Defendant AT&T Services, Inc. is a corporation authorized to do business in the State of Georgia, and at all times relevant hereto was Plaintiff's "employer" within the meaning of the ADA, 42 U.S.C. § 12111(5), and Title VII, 42 U.S.C. § 2000e(b), in that it employed fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

10. Defendant may be served with process through its registered agent, CT Corporation System, 289 S. Culver St., Lawrenceville, Georgia 30046.

## IV. ADMINISTRATIVE EXHAUSTION

11. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. [EEOC Charge Number], alleging discrimination on the basis of disability, race, and sex (including sexual orientation), and retaliation, arising out of the conduct described herein.

12. On July 17, 2026, the EEOC issued Plaintiff a Notice of Right to Sue, entitling Plaintiff to institute a civil action against Defendant within ninety (90) days of receipt of that notice.

13. This Complaint is filed within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue and is therefore timely.

14. Plaintiff has satisfied all conditions precedent to the institution of this action and has exhausted all administrative remedies required under the ADA and Title VII prior to filing suit.

## V. FACTUAL ALLEGATIONS

15. Mr. Navarro began his employment with AT&T on January 5, 2015, and most recently served as a Senior Sales Manager (Compensation Team).

16. Throughout his more than eleven (11) years of employment with AT&T, Mr. Navarro consistently maintained strong performance and a solid professional reputation within the company. Mr. Navarro was never placed on a Performance Improvement Plan, disciplined, or reprimanded during his tenure.

17. Mr. Navarro identifies as LGBTQ and was, throughout his employment, an active and visible participant in AT&T's Diversity and Inclusion initiatives.

18. In late August 2025, Mr. Navarro requested a reasonable accommodation from AT&T on account of his documented disabilities, including ADHD and an anxiety disorder, and complied fully with AT&T's internal procedures for requesting an accommodation, including submitting all required supporting documentation.

19. In early September 2025, AT&T approved Mr. Navarro's accommodation request and provided him with a half-day remote work arrangement and noise-canceling headphones.

20. On March 4, 2026, approximately six (6) months after AT&T approved Mr. Navarro's disability accommodation, AT&T informed Mr. Navarro that his position had been eliminated as part of a purported reduction in force.

21. Upon information and belief, AT&T selected five (5) employees from Mr. Navarro's team for termination in connection with the purported Reduction In

Force ("RIF"), and all five of those employees, including Mr. Navarro, were members of one or more protected minority classes.

22. Upon information and belief, other AT&T employees holding the same position and title as Mr. Navarro, including employees outside of Mr. Navarro's protected classes who did not have a disability, had not requested a disability accommodation, and/or were not members of a racial minority or LGBTQ, were retained by AT&T and not selected for termination.

23. The temporal proximity between AT&T's approval of Mr. Navarro's accommodation request in September 2025 and his selection for termination approximately six months later in March 2026, together with the disproportionate impact of the purported RIF on minority and disabled employees on Mr. Navarro's team, demonstrates that Defendant's stated reason for Mr. Navarro's termination – a reduction in force – was pretextual, and that Mr. Navarro's disability, his request for accommodation, his race, and his sex/sexual orientation were motivating factors in Defendant's decision to terminate his employment.

24. As a direct and proximate result of Defendant's unlawful conduct, Mr. Navarro has suffered and continues to suffer lost wages and benefits, emotional distress, mental anguish, humiliation, and other compensatory damages, in an amount to be proven at trial.

## COUNT I – DISABILITY DISCRIMINATION IN VIOLATION OF THE

## ADA (42 U.S.C. § 12112)

25.    Plaintiff realleges and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

26.    Plaintiff is a qualified individual with a disability within the meaning of the ADA and was, at all relevant times, able to perform the essential functions of his position with or without reasonable accommodation.

27.    Defendant discriminated against Plaintiff on the basis of his disability by selecting him for termination in connection with a purported reduction in force shortly after approving his request for a disability accommodation.

28.    Defendant's stated reason for terminating Plaintiff's employment was pretextual, and Plaintiff's disability was a motivating factor in Defendant's decision to terminate his employment, in violation of 42 U.S.C. § 12112(a).

29.    As a direct and proximate result of Defendant's violation of the ADA, Plaintiff has suffered and continues to suffer damages, including lost wages and benefits, emotional distress, and other compensatory damages, in an amount to be proven at trial.

30.    Defendant's conduct was undertaken with malice or with reckless indifference to Plaintiff's federally protected rights, entitling Plaintiff to an award of punitive damages pursuant to 42 U.S.C. § 1981a.

## COUNT II – RETALIATION IN VIOLATION OF THE ADA (42 U.S.C. § 12203)

31. Plaintiff realleges and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

32. Plaintiff engaged in protected activity under the ADA when he requested a reasonable accommodation for his disabilities in August 2025.

33. Defendant subjected Plaintiff to an adverse employment action, namely termination of his employment, within approximately six months of his protected accommodation request.

34. A causal connection exists between Plaintiff's protected activity and Defendant's decision to terminate his employment, as evidenced by, among other things, the temporal proximity between the two events and the pretextual nature of Defendant's stated reason for termination.

35. Defendant's conduct constitutes unlawful retaliation in violation of 42 U.S.C. § 12203(a).

36. As a direct and proximate result of Defendant's retaliatory conduct, Plaintiff has suffered and continues to suffer damages, including lost wages and benefits, emotional distress, and other compensatory damages, in an amount to be proven at trial.

## COUNT III – RACE DISCRIMINATION IN VIOLATION OF TITLE VII

## (42 U.S.C. § 2000e-2)

37. Plaintiff realleges and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

38. Plaintiff is a member of a race protected under Title VII.

39. Defendant selected Plaintiff for termination in connection with a purported RIF, along with four other employees, all of whom were members of protected minority classes, while similarly situated employees outside those protected classes were retained.

40. Defendant's disproportionate selection of minority employees for termination, including Plaintiff, gives rise to an inference of intentional race discrimination, and Defendant's stated reason for Plaintiff's termination was pretext for unlawful discrimination.

41. Defendant's conduct constitutes intentional discrimination on the basis of race in violation of Title VII, 42 U.S.C. § 2000e-2(a).

42. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered and continues to suffer damages, including lost wages and benefits, emotional distress, and other compensatory damages, in an amount to be proven at trial.

43. Defendant's conduct was undertaken with malice or with reckless indifference to Plaintiff's federally protected rights, entitling Plaintiff to an award of punitive damages pursuant to 42 U.S.C. § 1981a.

## COUNT IV – SEX DISCRIMINATION (SEXUAL ORIENTATION) IN VIOLATION OF TITLE VII (42 U.S.C. § 2000e-2)

44. Plaintiff realleges and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

45. Plaintiff identifies as LGBTQ and is therefore a member of a class protected against sex discrimination under Title VII. *See* Bostock v. Clayton County, 590 U.S. 644 (2020).

46. Defendant was aware of Plaintiff's LGBTQ status through, among other things, his active and visible participation in AT&T's Diversity and Inclusion initiatives.

47. Defendant selected Plaintiff for termination in connection with a purported RIF while retaining similarly situated employees outside of Plaintiff's protected class, giving rise to an inference of intentional discrimination on the basis of sex/sexual orientation.

48. Defendant's conduct constitutes intentional discrimination on the basis of sex in violation of Title VII, 42 U.S.C. § 2000e-2(a).

10

49. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered and continues to suffer damages, including lost wages and benefits, emotional distress, and other compensatory damages, in an amount to be proven at trial.

50. Defendant's conduct was undertaken with malice or with reckless indifference to Plaintiff's federally protected rights, entitling Plaintiff to an award of punitive damages pursuant to 42 U.S.C. § 1981a.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant the following relief:

51. Declare that Defendant's conduct, as alleged herein, violated the ADA and Title VII;

52. Award Plaintiff back pay and lost benefits, with prejudgment interest, in an amount to be proven at trial;

53. Award Plaintiff front pay, or in the alternative, reinstatement to a comparable position, in an amount and manner to be determined at trial;

54. Award Plaintiff compensatory damages for emotional distress, mental anguish, humiliation, and other non-pecuniary losses, in an amount to be proven at trial;

11

55.    Award Plaintiff punitive damages, subject to the statutory caps set forth in 42 U.S.C. § 1981a(b)(3);

56.    Award Plaintiff his reasonable attorneys' fees, expert fees, litigation expenses, and costs pursuant to 42 U.S.C. § 2000e-5(k) and 42 U.S.C. § 12205;

57.    Award Plaintiff pre-judgment and post-judgment interest as allowed by law; and

58.    Grant Plaintiff such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.


Respectfully submitted this 5th day of August, 2026.


/s/ Maricé Guzman

Maricé Guzman, Esq.
Georgia Bar No. 541594
MGJustice Law Firm
66 W. Flagler St. Suite 900
Miami, Fl 33130
(855) 457-2963
marice@mgjustice.com
Counsel for Plaintiff